**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| DALE SMITH,<br><br>                Plaintiff,<br><br>v.<br><br>CHEVRON U.S.A. INC.; NORTHWEST WHOLESALE, INC.; and SYNGENTA CROP PROTECTION, LLC,<br><br>                Defendants. | Case No. 2:25-cv-00433<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**<br><br>NOTE ON MOTION CALENDAR:<br>April 1, 2025 |

    On March 11, 2025, Defendants Syngenta Crop Protection, LLC and Chevron U.S.A. Inc. (collectively "Defendants") moved this Court to stay all proceedings in this baselessly removed action pending potential transfer to the multidistrict litigation ("MDL") in the Southern District of Illinois, *In re: Paraquat Prods. Liab. Litig.*, No. 3:21-md-03004 (S.D. Ill.). Dkt. # 4. Because Defendants' motion to stay is as fatally flawed as its groundless notice of removal, this Court respectfully must deny Defendants' request for a stay and remand this action back to King County Superior Court without delay.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

    The factual and procedural background of both this action, which centers on Plaintiff Dale

PLAINTIFF'S EMERGENCY MOTION TO REMAND
(2:25-cv-00433) - 1

**WEINSTEIN CAGGIANO PLLC**
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

1 Smith's unfortunate development of Parkinson's Disease from his exposure to Defendants' Paraquat herbicide, and Defendants' egregious and baseless removal to this Court, after four years of litigation and on the eve of trial, are set forth in full in Mr. Smith's motion to remand filed concurrently with the present opposition. Dkt. # 19. In order to conserve the Court's valuable resources, Mr. Smith incorporates the factual recitation set forth in the concurrent remand motion as if fully set forth herein.

**II.    ANALYSIS**

Also as set forth in the accompanying motion to remand, Defendants' removal of this action from King County Superior Court is entirely without merit and is intended to accomplish nothing but waste the precious judicial resources of the King County Superior Court and stave off a trial set to commence in just 51 days after four years of litigation. Thus, the factors courts consider when determining whether to stay proceedings all weigh heavily against the granting of a stay under the present factual and procedural posture.

Courts generally weigh three discretionary factors when considering whether to stay pretrial proceedings: "(1) the potential prejudice to the nonmoving party if a stay is granted; (2) the hardship to the moving party if a stay is denied; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the JPML grants the transfer motion." *Shattuck v. A1A, Inc.*, No. 2:21-cv-00945, 2021 WL 3856067 at *2 (W.D. Wash. Aug. 30, 2021) (quotation omitted).

Defendants' motion to stay is fatally flawed because it is entirely silent on the long history of this case set forth in full in Mr. Smith's accompany motion to remand. In analyzing the three factors, Defendants focus exclusively on whether it would be more efficient to have the MDL Court or this Court decide to reject Defendants' inappropriate gamesmanship and remand this

PLAINTIFF'S EMERGENCY MOTION TO REMAND
(2:25-cv-00433) - 2

**WEINSTEIN CAGGIANO PLLC**
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

matter to King County Superior Court, instead of addressing the most important issues: the extreme prejudice to Mr. Smith and the incredible waste of judicial resources caused by Defendants' meritless removal.

Defendants stress the efficiencies of deferring any and all rulings to the JPML, but the JPML only decides whether this matter is sufficiently factually and legally analogous to the consolidated proceedings in the MDL. Thus, it is Mr. Smith, not Defendants, who will be prejudiced if this Court were to stay these proceedings. *See*, *e.g.*, *Dunway v. Purdue Pharma L.P.*, 391 F.Supp.3d 802, (M.D. Tenn. 2019) ("[T]he risk of hardship resulting from a postponement of a jurisdictional determination is great. If transferred, this case will join a veritable sea of others in the MDL court. There is no guarantee of when that heavily burdened court would be able to address the important jurisdictional issues raised here. This court, however, is prepared to address these jurisdictional issues now.")

Cases addressing the efficiencies saved by deferring rulings to the JPML and MDL Courts focus on avoiding duplicative *preliminary* rulings. *See*, *e.g.*, *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1362 (C.D. Cal. 1997) ("[I]t appears that a majority of courts have concluded that it is often appropriate to stay *preliminary pretrial proceedings* while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." (emphasis added)). Here, we are not dealing with the potential inefficiencies of having two courts rule on preliminary pretrial matters. As set forth in the accompanying motion to remand and affidavit, this matter has already proceeded through discovery and dispositive motion practice, with all dispositive motions fully briefed and pending oral argument. Oral arguments on dispositive and expert-related motions were set to occur on March 21, 2025, in King County until Defendants' improper removal. Defendants' timing of removal, on the eve of those hearings,

**WEINSTEIN CAGGIANO PLLC**
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

despite the facial lack of federal jurisdiction further evidences the gamesmanship and goal of avoiding disposition of the pending motions and trial. This matter is set for trial in just 50 days, after four years of litigation. All of the resources expended by the King County Superior Court, and the parties, would be wasted if this matter were sent to the MDL before inevitably being remanded back to King County Superior Court due to the facial lack of federal jurisdiction.

"A putative transferor court need not automatically postpone rulings on pending motions or in any way generally suspend proceedings, merely on the grounds that an MDL transfer motion has been filed." *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F.Supp. 1186, 1188 (N.D. Cal. 1997). Courts in this circuit weigh against staying actions in the name of judicial efficiency where they have "already read the papers, the issues presented in the motion to remand are not particularly complex, and the issues presented are individual to th[e] litigation. The court is not required to wait until the JPML acts." *Broadway Grill, Inc. v. Visa, Inc.*, No. 16-cv-04040, 2016 WL 4498822 at *3 (N.D. Cal. Aug. 29, 2016). That is the case here.

Mr. Smith will be extremely prejudiced if he is denied his day in court after four years of litigation, as explained in Plaintiff's motion for remand. Under facts less egregious than the present, "[a]s to the first factor, Plaintiffs filed this case on August 18, 2020, and Plaintiffs will be prejudiced if they cannot expeditiously pursue their case a year and a half later." *In re Prime Healthcare ERISA Litig.*, No. 8:20-cv-01529, 2022 WL 2102992 at * 2 (C.D. Cal. Jan. 7, 2022). This matter has been pending in King County Superior Court for more than twice as long.

Conversely, Defendants will not be prejudiced at all if they must proceed to trial at long last after years of intentional delay. "To be sure, if the stay is vacated [the defendant] must proceed toward trial in the suit in the district court, but being required to defend a suit, without more, does not constitute a clear case of hardship or inequality." *Lockyer v. Mirant Corp.*, 398 F.3d 1098,

PLAINTIFF'S EMERGENCY MOTION TO REMAND
(2:25-cv-00433) - 4

**WEINSTEIN CAGGIANO PLLC**
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

1112 (9th Cir. 2005). At base, Defendants are engaged in nothing more than blatant forum shopping and wonton gamesmanship.

Defendants attempt to flip Mr. Smith's closely held desire to have this matter brought to trial as some sort of token of "bad faith," but as set forth in the accompanying motion to remand, there is nothing reflecting bad faith in wanting to have this matter tried at long last. Mr. Smith, whose health is declining rapidly and has waited 4 long years for his case to be heard, agreed to a settlement in principle with Northwest to preserve the May 5, 2025 trial setting, and now Defendants inappropriately and baselessly attempt to use that settlement in principle to prevent the trying of this matter after four years. Under the three factors for considering a stay, Mr. Smith bears all of the prejudice of a stay, Defendants bear none, and all of the judicial resources expended by the King County Superior Court and parties will have been wasted if this matter is held up in federal court as a result of Defendants' meritless removal.

Finally, before taking any other action, including the granting or denying of a stay, this Court respectfully must first satisfy its constitutional obligation to determine the existence of its own limited jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S. Ct. 1003 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") For all the reasons set forth in the accompanying motion to remand, Defendants' notice of removal is facially devoid of a basis for the exercise of federal jurisdiction. Thus, the only action this Court may take is to remand this matter back to King County Superior Court for lack of jurisdiction.

Therefore, because the prejudice to Mr. Smith in staying these proceedings far outweighs any potential prejudice to Defendants in immediately remanding their groundless removal, Defendants' request respectfully must be denied.

PLAINTIFF'S EMERGENCY MOTION TO REMAND
(2:25-cv-00433) - 5

**WEINSTEIN CAGGIANO PLLC**
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

## III. CONCLUSION

For all the reasons set forth above, the Court respectfully must deny Defendants' request for a stay and remand this matter back to King County Superior Court to prevent further prejudice to Mr. Smith and further waste of the King County Superior Court's judicial resources.

## CERTIFICATION

I certify that this memorandum contains 1,471 words, in compliance with the Local Civil Rules.

DATED this 14th day of March, 2025.

WEINSTEIN CAGGIANO PLLC

<u>s/ Alexandra B. Caggiano</u>
Brian D. Weinstein, WSBA No. 24497
Alexandra B. Caggiano, WSBA No. 47862
601 Union Street, Suite 2420
Seattle, Washington 98101
Phone: (206) 508-7070
Fax: (206) 237-8650

and

NACHAWATI LAW GROUP

<u>s/ Charles P. Stern</u>
Charles P. Stern, TX No. 24106466
*Admitted Pro Hac Vice*
5489 Blair Road
Dallas, TX 75231
Phone: (214) 890-0711
Fax: (214) 890-0712

Counsel for Plaintiff

PLAINTIFF'S EMERGENCY MOTION TO REMAND
(2:25-cv-00433) - 6

WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

# CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

DATED this 14th day of March, 2025.

                                                  NACHAWATI LAW GROUP

                                                 *s/ Charles P. Stern*
                                               Charles P. Stern, TX No. 24106466

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY (2:25-cv-00433) - 7

**WEINSTEIN CAGGIANO PLLC**
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650